UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL ROBERTSON,

        Petitioner,

  v.                                         Case No. 24-cv-1663-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER ADOTPING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 2) AND DISMISSING CASE**

      On December 26, 2024, petitioner Jermel Robertson filed a Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A). Dkt. No. 1. On December 30, 2024, Magistrate Judge Nancy Joseph reviewed the motion, observing that because the petitioner had no federal criminal case in which to file a §3582 motion, the clerk's office had treated the motion as a petition for writ of *habeas corpus* under 28 U.S.C. §2254 and had opened a new case under that statute. Dkt. No. 2 at 1 n.1.[1] Judge Joseph concluded that to extent the petitioner intended to challenge his conviction in Milwaukee County Circuit Court Case No. 2014CF2937, filing a *habeas* petition was the proper procedure. Dkt. No. 2 at 1. But because the petitioner previously had filed a petition in this district challenging the same conviction (Robertson v. Johnson, 24-cv-707 (E.D. Wis.,

---

[1] The petitioner used a form document to prepare his pleading, AO 250, which is the form for federal criminal defendants to use in seeking compassionate released from federal prison. Dkt. No. 1.

1

June 6, 2024)), and because that petition had been dismissed as untimely, Judge Joseph issued a recommendation that this court dismiss the case. Id. at 2. Judge Joseph warned the petitioner that he had fourteen days to object to her recommendation and that failure to object would result in a waiver of his right to appeal. Dkt. No. 2. To date, the petitioner has not filed an objection.[2]

I. **Legal Standard**

This court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

II. **Analysis**

The petitioner listed his state court case number, 2014CF2937, in the caption of his motion. Dkt. No. 1 at 1. The petitioner argues that his sentence was "unlawfully enhanced" based on a prior state conviction, that the sentence was excessive and that counsel was ineffective. Dkt. No 1 at 6.

The petitioner previously raised these arguments in a *habeas* petition filed in this district, challenging the same state conviction. Case No. 24-cv-707 at Dkt. No. 1. On August 12, 2024, Judge Brett H. Ludwig issued an order to

---

[2] Judge Joseph sent the December 30, 2024 order to the petitioner at the Milwaukee Secure Detention Facility, the location reflected on his motion. Dkt. No. 1 at 7. That order has not been returned to the court as undeliverable, and the Wisconsin Department of Corrections inmate locator site shows that the petitioner remains confined at MSDF. https://appsdoc.wi.gov/lop/

show cause why the petition should not be dismissed as time-barred. Id. at Dkt. No. 8. On August 23, 2024, Judge Ludwig dismissed the petition with prejudice. Id. at Dkt. No. 10. As Judge Joseph explained in her December 30 order in this case, the dismissal of the petitioner's prior petition on its merits bars re-litigation. Case No. 24-cv-1663, Dkt. No. 2 at 2 (citing Pavlovsky v. VanNatta, 431 F. 3d 1063, 1064 (7th Cir. 2005).

The petitioner filed the instant case using a *federal* form for a motion filed under 18 U.S.C. §3582 seeking a reduction of a *federal* sentence. Judge Joseph correctly concluded that the petitioner was challenging the length of his *state sentence* and the effectiveness of counsel in his *state criminal case* and that such complaints must be filed as §2254 *habeas* petitions. Id. at 1. Judge Joseph also recognized that the petitioner had filed a prior *habeas* petition and that dismissal of that petition on its merits meant that he couldn't file another. Id. at 2. Section 2244(b) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b).

Judge Joseph's recommendation was neither clearly erroneous (or erroneous at all) nor contrary to law. The court will adopt the recommendation and dismiss this case.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a

3

certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the petitioner filed a prior *habeas* petition that was dismissed on its merits, no reasonable jurist would find Judge Joseph's decision clearly erroneous or this court's ruling debatable. The court will decline to issue a certificate of appealability.

## IV. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 2.

The court **DENIES** the petitioner's motion to reduce sentence. Dkt. No. 1.

To the extent that the petitioner intended to file a second *habeas* petition, the court **DISMISSES** the second/successive petition.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of January, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**